# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **PHILIP JOHN POLETTI &** | ) | Bankr. Case No.  05-70821 |
| **MARY JOAN LETTRICH POLETTI,** | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| **W. CLARKSON MCDOW, JR.,** | ) | |
| **UNITED STATES TRUSTEE** | ) | |
| **FOR REGION FOUR,** | ) | Motion No. _____ |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| **PHILIP JOHN POLETTI &** | ) | |
| **MARY JOAN LETTRICH POLETTI,** | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES TRUSTEE'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION:**

The debtor has moved for summary judgment the following issues:

1. Should the Court should consider the mortgage indebtedness at the time of the commencement of this case in determining whether debts are "primarily consumer debts" within in the meaning of 11 U.S.C. § 707(b)?

2. In determining whether the debtors' debts are "primarily consumer debts" within the meaning of 11 U.S.C. § 707(b), should the court consider the post-petition changes to the debtor's secured indebtedness as a result of the sale of the Penhook Property?

The facts that serve as the basis of this motion and the United States Trustee's response are contained in a stipulation between the debtors and the United States Trustee, filed herein on May 2, 2006.

**ARGUMENT:**

1.      The Court should consider the mortgages indebtedness at the time of the commencement of this case in determining whether debts are "primarily consumer debts".

11 U.S.C. § 707(b), prior to the amendments to the Bankruptcy Code that went into effect on October 17, 2005, provided[1]:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.  There shall be a presumption in favor of granting the relief requested by the debtor.  In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

On September 30, 2005 the United States Trustee filed a motion to dismiss this case for substantial abuse.   Based on the debtors' schedules, and the characterization of and the amounts of the debts listed, the United States Trustee concluded that the debtor's liabilities were "primarily consumer debts".  As set forth in the schedules, and as stipulated to by counsel for the debtors, the debtors' have total liabilities in the amount of $448,331.  Of this amount $348,852 is for two mortgages secured by the debtors' real property.[2]  If the mortgages are considered consumer debt, then approximately 77% of the debtor's liabilities are consumer in nature even if the remaining liabilities of the

---

[1] References to provisions of the Bankruptcy Code in this memorandum are to those provisions in effect up to October 17, 2006.

[2] The parties have stipulated that a third deed of trust in the amount of $41,477 is a business debt.

- 2 -

debtor are considered business debts. This percentage would satisfy the threshold test of Section 707(b), and this case can be dismissed for substantial abuse.

The debtors' Motion for Summary Judgment on Particular Issue (the "Debtors' Motion") challenges the characterization of the debtors' mortgage as consumer debt. However, the vast majority of courts, have held that mortgage debt is consumer debt. *See e.g. In re Price,* 353 F.3d 1135 (9th Cir. 2004); *In re Kelly*, 841 F.2d 908 (9th Cir. 1988); *In re Funk*, 146 B.R. 118 (D.N.J. 1992); *In re Zuehlke*, 298 B.R. 610 (Bankr. N.D. Iowa 2003); *In re Dickerson*, 193 B.R. 67 (Bankr. M.D. Fla. 1996); *In re Duncan*, 201 B.R. 889 (Bankr. W.D. Pa. 1996); *In re Johnson*, 115 B.R. 159 (Bankr. S.D. Ill. 1990); *In re Palmer*, 117 B.R. 443 (Bankr. N.D. Iowa 1990); *contra In re Restea* 76 B.R. 728 (Bankr. D.S.D.). *See also In re Michael S. Fenster*, No.7- 03-05002 at 12 (Bankr. W.D.Va July 14, 2005) ("Because the wording of the statute makes no distinction between mortgage indebtedness and other consumer debt, the Court is bound to conclude that Dr. Fenster's condominium acquisition debt is consumer debt despite the legislative history noted footnote number 10 . . . of this decision."). These cases rely on the plain meaning of the definition of "consumer debt" under 11 U.S.C. § 101(8): "'consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose." As one Court noted, "The statutory scheme so clearly contemplates that consumer debt include debt secured by real property that there is no room left for any other conclusion." *Kelly*, 841 F.2d at 912 *citing* 4 Collier on Bankruptcy ¶ 707.06.

Although some courts have noted that legislative history indicates that "consumer debt does not include a debt to any extent that the debt is secured by real property" S*ee e.g. In re Restea*, 76 B.R. 728, 734 (Bankr. D.S.D. 1987) *citing* 124 Cong.Rec. H11,909

(Sept. 28, 1978); S17,406 (Oct. 6, 1978); 4 *Collier on Bankruptcy* ¶ 707.06, at 707-15 (15th ed. 1987).  However, as the Court indicated in *Kelly*, "it is the official committee reports that provide the authoritative expression of legislative intent. . . . Stray comments by individual legislators, not otherwise supported by statutory language or committee reports, cannot be attributed to the fully body that voted on the bill."  *Kelly* at 912.

      In this case, the debtor does not argue that the mortgages in question were obtained for business purposes.  Instead the debtor argues that the mortgages simply should be eliminated from the calculation of "consumer debt" in determining whether Section 707(b)s requirements should be met.  This argument flies in the face of the Bankruptcy Code's explicit definition of consumer debt as "debts incurred by an individual primarily for a personal family or household purpose."  Absent evidence that the mortgages were incurred for some purpose other than personal or household use, the amounts of the mortgages must be considered consumer debt.   In this light, the debtor's consumer debt is approximately 77% of her total indebtedness, even if all of the unsecured debt in question was incurred for business purposes.

2.     In determining whether the debtors' debts are "primarily consumer debts" within the meaning of 11 U.S.C. § 707(b), the court should consider the nature of the debtors' liabilities as of the date of the commencement of this case?

      The debtors contend that even if their mortgages constituted consumer debts, the Court should consider the postpetition sale and repayment of their mortgages in its determination of whether the debtors' liabilities are "primarily consumer debts."  Neither the United States Trustee nor the debtors have identified any authority that directly addresses this issue.  In support of their position, the debtors' cite to one case, *In re Cortez*, 335 B.R. 351 (Bankr. N.D. 2005). In *Cortez*, the court refused to consider the debtor's post petition increase in income because it

- 4 -

was not contemplated at the time of the commencement of the debtor's case. By extension, the debtors argue that the Court should consider the change in the nature of their liabilities, because the sale of their house and the pay off of their mortgages was contemplated by the debtors at the time of the commencement of this case.

The position asserted by the debtors would introduce uncertainty and delay in the administration of cases. Discerning intentions is a fact specific question. While in this case, the debtors did sell their residence and pay off encumbrances, the debtors could have failed in their attempt to sell their property. In this situation, it is unclear if the debtors' position would require the Court to consider the debtors' intent to sell, or whether a sale had been consummated. In short, under the position advocated by the debtors, the question of the nature of the consumers' debts might be continually in doubt, as the courts tried to determine what the debtors actually intended, or waited for the debtors to act on their intentions.

A better position would be to follow the line of cases that evaluate whether a debtor satisfies the debt limits for chapter 13. The eligibility determination is to be made as of the petition date. *U.S. v. Verdunn,* 89 F.3d 799, 801 n.8 (11th Cir.1996); *In re Slack*, 187 F. 3d 1070 (9th Cir. 1999); *In re. Stern,* 266 B.R. 322 (Bankr. D. Md. 2001). Applying this principle to this case, the debtors' sale of their residence and payment of their mortgages subsequent to the filing of their petition is irrelevant. The determination of whether the debtors have "primarily consumer debts" depends on the nature of the indebtedness as of the petition date, and does not change because of subsequent events.

For the reasons stated above, the United States Trustee respectfully requests that the debtors' Motion for Summary Judgment be denied.

        W. CLARKSON McDOW, JR.
UNITED STATES TRUSTEE,
REGION 4

By: */s/ Joseph A. Guzinski*
Joseph A. Guzinski
Trial Attorney

Office of United States Trustee
First Campbell Square
210 First Street - Suite 505
Roanoke, Virginia 24011
(540) 857-2806

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2006, I electronically filed the foregoing with the Clerk of the Court and transmitted a true and correct copy of these documents through the electronic case filing system and to the following:

Malissa Lambert Giles
Giles & Lambert PC
P O BOX 2780
ROANOKE, VA 24001
540 981-9000
Email: mgiles@gileslambert.com
*Counsel for the Debtor*

*/s/ Joseph A. Guzinski*
Joseph A. Guzinski
Trial Attorney

Office of United States Trustee
First Campbell Square
210 First Street - Suite 505
Roanoke, Virginia 24011
(540) 857-2806